## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **JENNIFER BRIDGES,** | )( | **Civil Action No.: _____** |
| | )( | **(Jury Trial)** |
| *Plaintiff*, | )( | |
| | )( | |
| **FALLS COUNTY, TEXAS, and** | )( | |
| **RICKY SCAMAN,** *Individually,* | )( | |
| | )( | |
| *Defendants.* | )( | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

NOW COMES JENNIFER BRIDGES, ("Plaintiff"), complaining of FALLS

COUNTY, TEXAS and RICKY SCAMAN, *Individually,* and alleges as follows:

## INTRODUCTION

1.  This is a civil rights action for Constitutional violations and state and federal

    law personal injuries suffered by Plaintiff.  Plaintiff brings this action for

    compensatory damages under 28 U.S.C. §§ 1331 and 1343 (jurisdiction), 42

    U.S.C. § 1983 and 1988, and the Texas Law because Defendants jointly and

    severally deprived Plaintiff of her federally protected rights, privileges and

    immunities.

1

2.  Plaintiff brings this action against Falls County, Texas and its former County Sheriff, Ricky Scaman, Individually, pursuant to Tex. Civ. Prac. & Rem. Code § 71.000 *et. seq*. and as applied through 42 U.S.C. § 1983 and § 1988.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over the federal claims of Plaintiff in this action, under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C §§ 1983 and 1988, the 1st, 4th, 5th, and 14th Amendments and supplemental jurisdiction under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims.

4.  Venue is proper in this Court pursuant to 28 USC § 1391(b) as all material facts out of which this suit arises occurred within the Southern District of Texas, Houston Division.

## PARTIES

5.  Plaintiff is an individual who resides in Falls County, Texas.

6.  Defendant FALLS COUNTY, TEXAS is a governmental body existing under the laws of the State of Texas and may be served with process by serving the County Judge Jay Elliot at 125 Bridge Street, Room 203 Marlin, Texas 76661.

7.  Defendant RICKY SCAMAN, is a former employee and elected Sheriff of Falls County, Texas and he may be served with process at the 2847 Hwy. 6, Marlin, Texas or wherever he is found.

## FACTS[1]

8.    The Falls County Sheriff's Office ("Sheriff's Department") is a department of Falls County, Texas ("Falls County"). Falls County, at all relevant times, was the employer of Ricky Scaman ("Scaman").  The chief policy maker for Falls County Sheriff's Department was Scaman.

9.    At all relevant times herein, Scaman was acting under the color of law and in the course and scope of his position as the Sheriff for Falls County and was himself directed by Falls County.  Likewise, at all relevant times herein, Defendant Scaman was acting under the color of law and in the course and scope of his employment for approximately four years with the Sheriff's Department. He had previously served with the Texas Alcohol and Beverage Commission ("TABC") as TABC agent for six years.

10.   Falls County is liable directly and vicariously for the actions complained of herein.

11.   Plaintiff began work for the City of Marlin as an animal control officer in approximately November 2017. Ultimately code enforcement responsibilities were added to her job function, then emergencies response responsibilities.

---

[1] To the extent some facts and causes of action are at odds with some other facts and other causes of action

Plaintiff's Original Complaint

12.    As part of her responsibilities, Plaintiff was required to interact with the Sheriff's Office.

13.    In August 2020, in response to a fire event, Plaintiff was required to go to the scene of the fire, where Scaman was present.

14.    Thereafter, on August 5, 2020, Scaman called Plaintiff and requested to meet Plaintiff at that scene.

15.    On that date, after meeting Scaman, Plaintiff was sexually assaulted by Scaman.

16.    Thereafter, Plaintiff reported the assume to the Texas Rangers.

17.    Thereafter, Scaman was arrested by the Texas Rangers.

18.    At the time of Jennifer's assault, Scaman had four sexual assault complaints filed against him by female employees. Despite this, there was no apparent policy or education on workplace harassment for employees in the Falls County sheriff's office. There was also no apparent supervision or workplace accountability for Sheriff Scaman, despite his track record of abuse. Rather than implementing policies or procedures to protect government employees, the Falls County Sheriff's Office pushed the burden onto the people of Falls County to elect a Sheriff who would not sexually assault his coworkers.

**Scaman's Prior History of Abuse**

4

19.     Scaman was reprimanded while working as a Texas Alcohol Beverage Commission officer after he posed for a photograph with a topless performer at a Waco gentlemen's club.

20.     Since 2017, Scaman has been named in multiple lawsuits:

21.     Nanci Anderson, former assistant chief deputy, settled with Scaman for a suit filed in 2017 claiming sexual harassment and discrimination. She alleged Scaman subjected her to gender discrimination, sexual harassment and created a hostile work environment that forced her to leave her job.

22.     Shirley Boger, former Falls County jailer and dispatcher, settled with Scaman. She claimed in a civil case that Scaman called her into his office on more than 20 occasions and licked her face, groped her and sexually assaulted her.

23.     Two government employees dropped sexual assault charges filed in 2020 after Scaman agreed to a plea deal. Prior to the plea deal, Scaman was indicted on two charges of sexual assault on September 21, 2020:

24.     Count one of the indictment alleged Scaman penetrated a woman with his "finger and/or hand" in August 2020.

25.     Count one also alleged Scaman groped, grabbed or touched the same woman improperly and pushed her up against a car and pulled her hair while she was responding to an emergency call in her official capacity with the city of Marlin.

5

26.    Count one alleges Scaman sexually harassed a woman by making unwelcome sexual advances or requests for sexual favors.

27.    Count two of the indictment alleged Scaman pushed a former Sheriff's Office employee against a wall and groped or grabbed her in April 2020.

28.    Count two also alleges Scaman sexually harassed a former Sheriff's Office employee.

29.    Count three alleges Scaman sexually assaulted another woman with his hand in January 2017 and also sexually harassed her by kissing her neck and groping her.

30.    A second indictment in August of 2021 expanded these charges to include two counts of assault on a public servant and three counts of official oppression.

31.    In his plea deal related to theses indictments Scaman plead guilty to a Class A misdemeanor, agreed to surrender his peace officer license, and paid a $1,000 fine.

32.    Scaman's rampant history of abuse is apparent in all these cases alleging sexual harassment and sexual assault. Despite the allegations, Scaman remained in power, and it seems he repeatedly took advantage of his position to put women in terrible situations.

33.    In her job functions with the City of Marlin, Jennifer was required to work with Scamans as an Animal Control Officer.

Plaintiff's Original Complaint

34.     During and since these events Jennifer has suffered at least depression, anxiety, and intense fear.

35.     This sexual harassment and assault were not a single incident but was instead part of a pattern and practice of Scaman and Falls County PD of the harassment and assault of women.

36.     Scaman was delegated policy making authority for the policies, procedures, rules, discipline, supervision, and training for the Sheriff's Office by Falls County. At the time that Plaintiff was sexually assaulted, on or about August 5, 2020, and on prior occasion with other female individuals alleged herein, Scaman was delegated policy making authority for the policies, procedures, rules and training for Falls County and intentionally failed to take timely and adequate measures to protect employees.

37.     Notice of Legal Claims to the Defendants under the Texas Tort Claims Act: Defendants had actual notice of all violations under the Texas Tort Claims Act. *See City of SA v. Tenorio,* 543 S.W. 3d 772 (Tex. 2018). Plaintiff also sent a notice letter to Defendant City of Falls County.

*38.*    The Falls County Sheriff's Office has a long-standing pattern of problems with their officers and elected officials going back decades: Despite being a small office, it has a long history of problems with their own employees.

7

39.    Defendants (alone and in concert), under color of law, violated Plaintiff's constitutional right to basic, non-sexual treatment and under no circumstances were their actions objectively reasonable, ultimately causing her injuries. While working in connection with the Sheriff's Office, Plaintiff had a right to be safe from Scaman's reprehensible conduct and Defendants had a duty to keep her safe from that harm. Plaintiff's treatment defies all logic and clearly shows deliberate indifference.

**CAUSES OF ACTION AGAINST DEFENDANTS <mark>FALLS COUNTY</mark>, TEXAS AND FORMER FALLS COUNTY SHERIFF RICKY SCAMANS**

40.    **The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows**:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges, immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

41.    **The 14th Amendment to the United States Constitution provides**:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any

Plaintiff's Original Complaint

person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

42. **The elements of a cause of action under § 1983 against a governmental entity are:**

   a.   Plaintiff is deprived of rights under the United States Constitution;

   b.   Such deprivation is caused by a person acting under color of state law;

   c.   The governmental entity adopted, or failed to adopt, a policy statement, ordinance, regulation or decision adopted and promulgated by the governmental entity's lawmaking officers or by an official to whom the law makers delegate law-making authority or a persistent, widespread practice of officials or employees of the governmental entity which, though not authorized or officially adopted and promulgated, the policy is so common and well settled as to constitute a custom that fairly represents policy of the governmental entity; and,

   d.   The governmental entity was deliberately indifferent to the party's constitutional rights.

## CIVIL RIGHTS VIOLATION
### [42 U.S.C. § 1983 and Constitutional Violations Against Scaman]

43. Scaman engaged in deliberate and outrageous invasion of Plaintiff's bodily integrity that shocks the conscious in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42

9

U.S.C. § 1983. Plaintiff re-alleges and incorporates all allegations of this Complaint as if fully set forth herein.

44.    Scaman, acting within the scope of his agency, recklessly and with the intention of causing Plaintiff severe emotional distress, engaged in extreme and outrageous conduct by sexually assaulting and harassing Plaintiff, threatening to arrest her, displaying his gun, and promoting a threatening, unduly hostile, and antagonistic environment. Scaman's conduct is particularly egregious because Plaintiff was in the custody of Falls County.

45.    Scaman misused and abused the official power granted to him by Falls County.  Scaman in the performance of his official duties with Falls County caused harm to Plaintiff.

46.    Scaman, by his acts and omissions alleged above, under color of law and acting pursuant to the customs, practices and policies of the Falls County PD, deprived Plaintiff of her rights to bodily integrity. Scaman violated the Fourth Amendment right to be secure in their persons and Fourteenth Amendment right not to be deprived of life and liberty without due process and equal protection under the Due Process and Equal Protection Clauses.

47.    Scaman acted against Plaintiff through official policies, practices, and customs with malice, deliberate, callous, and conscious indifference to the constitutional rights of Plaintiff. Furthermore, the incidents complained of

Plaintiff's Original Complaint

were not reasonably related to any legitimate governmental objective, as there is no legitimate governmental objective in sexual contact and sexual assault of an employee.

48. As a direct and proximate result of Scaman's acts, which were so outrageous in character and extreme in degree to be utterly intolerable in a civilized community, Plaintiff suffered severe emotional distress and was injured and damaged thereby.

49. As shown by Scaman's repeated sexual assault of female employees, Scaman's actions were part of a policy and practice condoned by Falls County.

50. Scaman, as Chief of Police, was well aware of the lack of proper camera policies needed to prevent officer unlawfulness which resulted in the unlawful detention, arrest, and sexual assault of at least two women.

### CIVIL RIGHTS VIOLATION
### [42 U.S.C. § 1983 and Constitutional Violations Against Falls County/Chief Scaman]

51. Plaintiff re-alleges and incorporates all allegations of this Complaint as if fully set forth herein. Falls County directly violated Plaintiff's civil rights in several ways, all of which are independently sufficient to constitute civil rights violations, but which also acted in concert to cause the series of actions at issue here: (1) it fostered a custom, culture, and practice of sexually inappropriate behavior, including harassment and assault, among its officers,

11

Plaintiff's Original Complaint

including supervisors that encouraged such behavior and perpetuated that custom, culture and practice—the unwritten custom, culture, and practice of sexually inappropriate behavior was further supported by the official, affirmative policy of using deception and threats to achieve Falls County PD's perceived goals—as well as a custom, culture, and practice of failing to use and appropriately use available vehicle and body-worn cameras; (2) its lack of a policy (or, alternatively, unconstitutionally vague or insufficient policy) with respect to safety protocols that either keep women away or protect women from officers with a known history of sexually inappropriate conduct, including harassment and assault—the lack of a policy may itself be considered a policy in this instance; (3) its lack of a policy and training with respect to the proper use of its vehicles and body-worn camera systems, despite direct knowledge and acknowledgement of a need for such policy and training; (4) its systematic lack of appropriate supervision in the form of camera policies, training, and use among its officers despite knowledge of a need for camera policies and training; (5) failed to discipline including but not limited to removal of the Sheriff from his position; and (6) failure to protect Plaintiff from Sheriff Scaman.

52.   The absence of a policy may itself be considered a policy where, as here, the policymaker has specific knowledge of the need for a policy where one does

not exist. *See, e.g., Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372 (7th Cir. 2017) (en banc); *J.K.J. v. Polk Cty.*, 960 F.3d 367 (7th Cir. 2020) (en banc).

53.  Moreover, to the extent that liability can attach to Chief Scaman for his acts, deliberate indifference, and policies that caused the violation at issue, so too can it attach to the Falls County because it may be held liable for the actions of its policymaker.

54.  Falls County and Falls County PD, including but not limited to Scaman (alone and in concert and/or individually) endangered female employees, including Plaintiff herein, resulting in the sexual assault of Plaintiff, and other female employees working with the Falls County Sheriff's office. .

55.  Plaintiff contends that policies, procedures, practices and customs of Falls County and Falls County Sheriff's Department including but not limited to Scaman (alone and in concert and/or individually) put Plaintiff in an inherently dangerous situation and violated her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States for which Plaintiff seeks recovery.

56.  Plaintiff contends that the failures to train and supervise staff regarding the policies, procedures, practices and customs of the Falls County and Falls County Sheriff's Department including but not limited to Scaman, put Plaintiff in a dangerous situation and violated their rights under the Fourth and

Fourteenth Amendments to the Constitution of the United States for which Plaintiff seeks recovery.

57.   During the relevant time contemplated by this cause of action, Falls County and Falls County Sheriff's Office, including but not limited to Scaman (alone and in concert and/or individually) failed to follow their own written policies and procedures and those of the State of Texas and other authorities on the standard of care and lack of sexual contact for those in custody, those riding in official vehicles and those acting in their female citizens while in their official capacity.

58.   Facts at the time of filing this Complaint supporting each of the elements of a § 1983 claim against Falls County and Falls County Sheriff's Department and its employees, listed above are found above and applicable to all claims, but may be summarized as follows:

   a.   Failed to properly train, hire, control, discipline and supervise employees;

   e.   Promulgated, condoned, or showed indifference to improper policies or customs; and

   f.   Continued such practices of improper policies or customs as to constitute custom representing policy.

59.   These actions by Falls County and Falls County Sheriff's Office, subjected Plaintiff to confinement with constitutionally inadequate safety protections such as:

Plaintiff's Original Complaint

    a.      Evidence of sexual assaults that are inaccurate, incomplete, and not transmitted to the Texas Rangers or other law enforcement or prosecution authority, as required;

    b.      Confinement conditions that do not ensure safe, humane, and decent conditions free of sexual assault;

    d.      Staffing the police force with officers with no (or insufficient) training, oversight, supervision, or discipline; and,

60.    These actions by Falls County and Falls County PD further violated the rights of Plaintiff through Defendants' policies such as:

    a.      Evidence of sexual assaults that are inaccurate, incomplete, and not transmitted to the Texas Rangers, as required;

    d.      Staffing the police force with officers with no training, oversight, supervision, or discipline;

61.    Falls County and Falls County PD, intentionally, and with deliberate indifference, deprived Plaintiff of her clearly established federal constitutional rights, including, but not limited to:

    a.      Her right to reasonably safe conditions of detention, assuming only for purposes here that such detention was justified;

    b.      Her right to be free from sexual assault and violation of her body;

    c.      Her right to be free from cruel and unusual punishment;

    d.      Her right to be free from sexual assault and harassment while inside an official Falls County and/or Falls County PD vehicle.

Plaintiff's Original Complaint

62.  **No qualified immunity**:   City employees can be entitled to qualified immunity to their individual liability, but this immunity is waived if the complainant shows that:

a.    the individual's acts deprived the party of constitutional rights under color of law

b.    the deprived rights were clearly established and constitutional rights which existed at the time of the acts; and

c.    such acts were not objectively reasonable under the circumstances, that is, no reasonable official could have believed at the time that the conduct was lawful.

63.  The Defendants, persons acting under color of state law, enforcing Falls County and Falls County PD policies and procedures deprived Plaintiff of her civil liberties without due process of law. They did so by failing to keep her free from unlawful detention, false arrest, and sexual assault by the Falls County PD officers during her detention and interaction with Falls County PD. No reasonable official could have believed that failure to protect female inmates from sexual assault was lawful. The acts of the Defendants, when viewed objectively, were unreasonable under the circumstances. Therefore, qualified immunity is waived in this case.

64.  The Defendants involved in this case, acting under color of law, were deliberately indifferent to the excessive risk to Plaintiff's safety in their acts,

16

or failures to act. Such acts violated and deprived Plaintiff's clearly established constitutional rights and were not objectively reasonable.

65.  The acts of Falls County (including its governmental branch, Falls County PD) clearly violated established statutory or constitutional rights of which a reasonable person would have known.

66.  The acts of Defendants were so obviously and grossly wrong, that only a plainly incompetent entity or officer, or one who was knowingly violating the law, would have performed such an act, and therefore, Defendants are liable to Plaintiffs for the damages caused by their actions.

67.  The aforementioned acts resulted in the sexual assault of Plaintiff, which in turn proximately caused her injuries.

Plaintiff's Original Complaint

## TORT CLAIMS OF SEXUAL ASSAULT, BATTERY, AND FALSE INPRISONMENT SOLELY AGAINST SCAMAN

68.   Plaintiff re-alleges and incorporates all allegations of this Complaint as if fully set forth herein.

69.   If Scaman may be held individually liable for the sexual assault, battery, and false imprisonment of Plaintiff outside the scope and protection of the TTCA.

70.   Scaman assaulted and battered Plaintiff by making unwanted sexual advances on her while she working as an animal control officer for Falls County. Scaman intentionally and unlawfully caused Plaintiff to fear offensive and unlawful contact. Scaman intentionally and unlawfully caused such offensive conduct to occur.

71.   As a direct and proximate result of the actions of Scaman, Plaintiff was physically injured and suffered damages arising under the 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments of the Constitution of the United States.

72.   Scaman engaged in conduct with malice and reckless and callous indifference to the rights of Plaintiff.

## PEACE OFFICER LIABILITY - 42 U.S.C. § 1983

73.   Plaintiff brings a claim against Falls County, Sheriff Scaman, and Falls County PD personnel, including but not limited to Scaman (alone and in

Plaintiff's Original Complaint

concert and/or individually), pursuant to 42 U.S.C. § 1983 and for punitive damages.

74.    At all material times, Falls County and Falls County PD personnel, including but not limited to Scaman (alone and in concert and/or individually) was acting under color of state law as agents and employees of Falls County and Falls County PD and alternatively was acting in his individual capacity.

75.    Scaman was wearing his Falls County PD uniform and was acting in the course and scope of his duties as a Falls County and Falls County PD employee at the time Plaintiff was sexually assaulted.

76.    Thus, Falls County and Falls County PD failedto properly train police officers on sexual assault or supervise officers with a history of sexual assault.. A county may be held liable for its failure to train a single police officer when the officer's acts were so egregious that the county should have had a clear warning that the particular officer posed a danger to citizens. *See Pineda v. City of Houston*, 124 F.Supp. 2d 1057, 1068 (S.D. Tex. 2000).  This coupled with the numerous sexual assault allegations against Scaman gave the County clear warning of danger Scaman posed to citizens and employees.

## DAMAGES

77.    Based upon the operative facts plead above, such acts and omissions rise to the level of deliberate indifference and conscious indifference constituting

Plaintiff's Original Complaint

a violation of the Fourth and Fourteenth Amendments of the Constitution of the United States for which Plaintiff seeks recovery. Plaintiff also seeks recovery under the Texas Tort Claims Act.

78.   Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly, and severally, constitute a direct and proximate cause of the injuries and damages set forth herein. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer damages in an amount to be proved at trial.

79.   As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damages in the form of extreme and enduring worry, grief, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress in amounts within the jurisdictional limits of this Court, to be proved at trial.

80.   Defendants are vicariously liable for their employees, supervisors, officials, representatives, and all those acting in concert with them.

81.   Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided for by 42 U.S.C. § 1988(b). Plaintiff requests that the Court and jury award their attorneys' fees and expenses.

20

Plaintiff's Original Complaint

## JURY DEMAND

82.    Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiff demands a trial by

jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

A.    Enter a declaratory judgment that the policies, practices, acts, and omissions

complained of herein violated Plaintiff's rights;

B.    Award compensatory damages for Plaintiff against Defendants, jointly and

severally;

C.    Award punitive damages against all individually named Defendants;

D.    Award reasonable attorneys' fees and costs and all litigation expenses,

pursuant to federal and state law, as noted against Defendants, jointly and

severally pursuant to 48 U.S.C. § 1988;

E.    Award pre- and post-judgement interest; and

F.    Award costs of court;

G.    Retain jurisdiction over Defendant Falls County until such time that the Court

is satisfied that Defendants' unlawful policies, practices, acts, and omissions

no longer exist and will not recur; and,

H.    Grant such other and further relief as appears reasonable and just, to which,

Plaintiff shows herself entitled.

Plaintiff's Original Complaint

RESPECTFULLY SUBMITTED,

*/s/ Randall L. Kallinen*
Randall L. Kallinen
KALLINEN LAW PLLC
State Bar of Texas No. 00790995
Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:  713/320-3785
FAX:          713/893-6737
Email:        AttorneyKallinen@aol.com

and

DUNNAM & DUNNAM, L.L.P.

Jim Dunnam
State Bar No. 06258010
4125 West Waco Drive
Waco, Texas 76710
Telephone: (254) 753-6437
Facsimile: (254) 753-7434
jimdunnam@dunnamlaw.com

ATTORNEYS FOR PLAINTIFF